1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL W. COLLINS, JR., | Case No. 1:15-cv-01459-SAB |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (ECF Nos. 9, 10) |
| Defendant. | |

Currently before the Court is Defendant's motion to dismiss this action for lack of jurisdiction. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Stanley A. Boone.[1]

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff protectively filed an application for a period of disability and disability insurance benefits on June 21, 2013. (ECF No. 4.) Plaintiff's application was granted in part and denied in part on December 9, 2013. (ECF No. 5.) On July 21, 2014, Plaintiff filed a request for hearing and submitted a statement of untimely filing. (ECF No. 9-1 at 6.[2]) On October 10, 2014, the

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge. (See ECF Nos. 5, 6.)

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1   Administrative Law Judge ("ALJ") dismissed the request for a hearing because Plaintiff did not
2   file the request for the hearing within the required period and had not shown good cause for the
3   late filing.  (ECF No. 9-1 at 11-13, 14-15.)  On November 21, 2014, Plaintiff requested review
4   by the Appeal's Counsel.  (ECF No. 9-1 at 17-19.)  On July 24, 2015, the Appeal's Counsel
5   denied Plaintiff's request for review.  (ECF No. 9-1 at 21-22.)

6        On September 27, 2014, Plaintiff filed the instant action seeking judicial review of a final
7   decision of the Commissioner of Social Security ("Commissioner" or "Defendant").  (ECF No.
8   1.)  On March 11, 2016, Defendant filed a motion to dismiss for lack of jurisdiction.  (ECF No.
9   9.)  On March 25, 2016, Plaintiff filed an opposition to the motion to dismiss.  (ECF No. 10.)

10                                          **II.**

11                                  **LEGAL STANDARD**

12        A claimant may seek judicial review "after any final decision of the Commissioner of
13   Social Security made after a hearing to which he was a party, irrespective of the amount in
14   controversy, . . . by a civil action commenced within sixty days after the mailing to him of notice
15   of such decision or within such further time as the Commissioner of Social Security may allow."
16   42 U.S.C. § 405(g).  The Supreme Court has interpreted this to mean there are two elements
17   required to obtain judicial review under section 405(g): 1) a waivable requirement that the
18   administrative remedies required by the Social Security Act be exhausted; and 2) a non-waivable
19   requirement that there be a final decision by the Secretary.  Mathews v. Eldridge, 424 U.S. 319,
20   328 (1976); Kildare v. Saenz, 325 F.3d 1078, 1082 (9th Cir. 2003) ("A final decision has two
21   elements: (1) presentment of the claim to the Commissioner, and (2) complete exhaustion of
22   administrative remedies.").  Section 405(g) "clearly limits judicial review to a particular type of
23   agency action, a 'final decision of the Secretary made after a hearing.' "  Subia v. Comm'r of
24   Soc. Sec., 264 F.3d 899, 902 (9th Cir. 2001) (quoting Califano v. Sanders, 430 U.S. 99, 108
25   (1977)).

26   / / /
27   / / /
28   / / /

2

### III.

### DISCUSSION AND ANALYSIS

Defendant argues that Plaintiff has not received a final Agency decision subject to judicial review, and therefore this Court lacks jurisdiction over this action.  Plaintiff does not dispute that he did not receive a final agency decision, but argues that jurisdiction exists because he has a colorable constitutional claim for a due process violation.  Plaintiff contends that he is seeking a hearing solely on the issue of the date of commencement of benefits and due process requires that he be provided with a hearing.

The Supreme Court has recognized that "the doctrine of administrative exhaustion should be applied with a regard for the particular administrative scheme at issue."  Weinberger v. Salfi, 422 U.S. 749, 765 (1975).  The requirement that a claimant may only appeal a final decision of the Commissioner is a statutory specified jurisdictional requirement.  Salfi, 422 U.S. at 766. There is an exception to this judicial exhaustion requirement where the Secretary's decision is challenged on constitutional grounds.  Califano, 430 U.S. at 109.  The court can waive the administrative exhaustion requirement and grant judicial review where the claimant asserts colorable constitutional claims.  Subia, 264 F.3d at 902; Hoye v. Sullivan, 985 F.2d 990, 991 (9th Cir. 1992) (failure to exhaust administrative remedies may be waived where a claimant "demonstrates that his constitutional claim is (1) collateral to a substantive claim of entitlement, (2) colorable, and (3) one whose resolution would not serve the purposes of exhaustion.).

The Ninth Circuit has adopted a three-part test to determine whether a case merits judicial waiver of the exhaustion requirement:  the claim must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility).  Johnson v. Shalala, 2 F.3d 918, 921 (9th Cir. 1993).  Waiver is not appropriate where the claimant has not satisfied all three elements.  See Kaiser v. Blue Cross of Ca., 347 F.3d 1107, 1115-16 (9th Cir.2003) (finding collaterality but denying waiver because irreparability and futility were not met).

/ / /

3

1    **A.      Whether Plaintiff Has Stated a Colorable Constitutional Claim**

2           First, the Court considers whether Plaintiff has stated a colorable constitutional claim.

3    Plaintiff argues that he has a property interest in disability benefits and his due process rights

4    were violated because he appealed only the issue of the date of commencement of benefits.

5    Plaintiff contends that since he requested review only on whether any rational basis existed for

6    the selection of September 1, 2013 as the commencement date of disability he is not seeking

7    payment of benefits and therefore he is not precluded from pursing this action based on the lack

8    of a final decision by the Commissioner.

9           Plaintiff does not contend that the Commissioner did not consider the reasons he set forth

10   to excuse his untimely filing,[3] see Dexter v. Colvin, 731 F.3d 977 (9th Cir. 2013), but argues that

11   his due process rights are violated because he is being denied the opportunity to address the

12   correctness of the date his disability was determined to commence and the arguments set forth in

13   his request for a hearing.  "A constitutional claim is not colorable if it clearly appears to be

14   immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial

15   or frivolous." Subia, 264 F.3d at 902.  "A 'mere allegation of a due process violation' is not a

16   colorable constitutional claim. Klemm v. Astrue, 543 F.3d 1139, 1144 (9th Cir. 2008).  "Rather,

17   the claim must be supported by facts sufficient to state a violation of substantive or procedural

18   due process." Klemm, 543 F.3d at 1144.  Determining whether a constitutional claim is

19   colorable requires involves some review of the merits, but a determination that a claim lacks

20   merit does not necessarily mean that it is not colorable. Boettcher v. Sec'y of Health & Human

21   Servs., 759 F.2d 719, 722 (9th Cir. 1985).

22          Initially, the Court considers, Mathews in which the Supreme Court distinguished

23   disability benefits from other types of government aid because eligibility is not based upon

24

---

25   [3] As Plaintiff concedes, generally the Commissioner's decision that he did not establish good cause for the late
     filing of his request for a hearing is not a final decision subject to appeal. Burbage v. Schweiker, 559 F. Supp. 1371,
26   1374 (N.D. Cal. 1983).  There is a distinction between an argument that the ALJ improperly decided that the
     claimant did not show good cause and a claim that the ALJ did not consider all reasons set forth to show good cause
27   exists for the untimely filing.  A claimant is not entitled to review of the merits of the good-cause decision. Dexter,
     731 F.3d 977.

28

1    financial need.  Mathews, 424 U.S. at 341.  Considering the interests at stake, "substantial weight
2    must be given to the good-faith judgments of the individuals charged by Congress with the
3    administration of social welfare programs that the procedures they have provided assure fair
4    consideration of the entitlement claims of individuals.  Id. at 340-49.  The court found it to be
5    especially true in Social Security cases where "the prescribed procedures not only provide the
6    claimant with an effective process for asserting his claim prior to any administrative action, but
7    also assure a right to an evidentiary hearing, as well as to subsequent judicial review, before the
8    denial of his claim becomes final."  Id. at 349.

9            The Ninth Circuit has considered a claim similar to that raised here.  In Boettcher, after
10   originally being denied benefits, the claimant was awarded benefits but challenged the onset
11   date.  Boettcher, 759 F.2d at 720.  The onset date of disability was set back on reconsideration,
12   but claimant again requested reconsideration.  Id.  The Appeal's Counsel construed the request as
13   a request for a hearing.  Id.  A hearing was set and the notice stated that the hearing would be de
14   novo.  Id.  Claimant objected to a de novo hearing and when he refused to proceed with the
15   hearing, the ALJ dismissed the request for a hearing.  Id.  The claimant filed an action in federal
16   court and the Commissioner moved to dismiss for lack of subject matter jurisdiction.  Id.  The
17   district court dismissed claimant' Social Security appeal concluding he had not exhausted his
18   administrative remedies.  Id.

19          As Plaintiff is claiming here, the claimant in Boettcher argued on appeal that he was
20   excused from the requirement to administratively exhaust his claim because he raised a colorable
21   constitutional claim.  Id. at 721.  The Ninth Circuit found that claimant had raised a colorable
22   claim, but ultimately found the claim was incorrect.  Id.  Claimant argued that requiring a de
23   novo hearing rather than a hearing solely on the issue determined unfavorably to him, the
24   disability onset date, denied him of due process.  Id.  In determining what process was due, the
25   court considered:

26              [1] the private interest that will be affected by the official action; [2] the risk of an
27              erroneous deprivation of such interest through the procedures used, and the
                probable value, if any, of additional or substitute procedural safeguards; and [3]
                the Government's interest, including the function involved and the fiscal and
28              administrative burdens that the additional or substitute procedural requirement

1    would entail.

2    Id. at 722 (quoting Mathews, 424 U.S. at 335).

3         The court found that the balance of interests at stake include the Government's interest to

4    avoid erroneous deprivation of benefits which is shared by the claimant.  Boettcher, 759 F.2d at

5    722.  The statutory scheme empowered the Secretary to conduct hearings on her own motion as

6    necessary, conduct de novo review of disability determinations made by state agencies, and

7    compels such review in a specified percentage of cases.  Id.  The court found that claimant's

8    argument would require a separate hearing for the onset date from the determination of

9    disability.  Id.  This would be "nonsensical and wasteful."  Id.  The court found the due process

10   claim meritless.  Id. at 724.

11        In Cox v. Mathews, 421 F. Supp. 721 (N.D. Cal. 1976), rev'd on other grounds Cox v.

12   Califano, 587 F.2d 988 (9th Cir. 1978), the claimant argued that the Commissioner violated his

13   due process rights by determining both eligibility for insurance benefits and the date of cessation

14   of such benefits in the same hearing.  421 F.Supp. at 724.  Relying on a decision out of the Sixth

15   Circuit, Myers v. Richardson, 471 F.2d 1265 (6th Cir. 1972), the district court found that "[i]t is

16   most reasonable to have a single hearing to decide the fact of disability, the extent of disability,

17   the duration of disability, as well as to determine whether such disability has terminated.

18   Multiple hearings would create a waste of time and effort."  Cox v. Matthews, 421 F.Supp. at

19   724.

20        Similar to those cases discussed herein, Plaintiff is ultimately arguing that due process

21   requires him to be provided with a separate hearing on the date his disability commenced.

22   Requiring separate hearings to review essentially the same evidence would increase the amount

23   of time required to make a decision as to disability.  As previous courts have found, it is more

24   reasonable and efficient to have a single hearing to consider the evidence of disability and the

25   onset date.  This procedure benefits both the claimant and the government.

26        Plaintiff was provided with the opportunity to file his claim for disability benefits and

27   benefits were granted.  Plaintiff disagrees with the disability onset date found by the

28   Commissioner and the regulations provide a process by which to challenge that decision.  20

1   C.F.R. §§ 404.907-404.922.  Plaintiff did not comply with that process.  If Plaintiff is correct that

2   his due process rights have been violated in this action, then "[e]very disappointed claimant

3   could raise such a due process claim, thereby undermining a statutory scheme designed to limit

4   judicial review." Hoye, 985 F.2d at 992 (quoting Holloway v. Schweiker, 724 F.2d 1102, 1105

5   (4th Cir.), cert. denied, 467 U.S. 1217 (1984)).

6         Plaintiff alleges that his due process rights have been violated.  In this instance, Plaintiff

7   had the opportunity to seek review of the decision awarding benefits, but a review hearing was

8   not provided because he did not file a timely request for a hearing.  Essentially, Plaintiff is

9   complaining that he is being denied the opportunity for a review hearing because he did not

10   comply with the remedies provided by the Commissioner.  The Court finds that Plaintiff has not

11   set forth a colorable constitutional claim.

12       **B.**     **Whether the Administrative Exhaustion Requirement Should Be Waived**

13         The Court shall next consider whether the administrative exhaustion requirement should

14   be waived in this instance.  This requires consideration of whether the claim is (1) collateral to a

15   substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief

16   will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the

17   purposes of exhaustion (futility). Johnson, 2 F.3d at 921.

18       1.     Collaterality

19       "A plaintiff's claim is collateral if it is not essentially a claim for benefits." Johnson, 2

20   F.3d at 921.  Plaintiff here argues that he is not seeking benefits.  However, the Court disagrees.

21   Plaintiff is seeking a determination that the ALJ improperly decided the onset date of his

22   disability.  Plaintiff is seeking such a determination in order to obtain additional benefits.

23   Plaintiff is essentially seeking a review of the onset date for the purpose of obtaining benefits.

24         Plaintiff is challenging the ALJ's finding that his disability began on September 1, 2013.

25   (ECF No. 9-1 at 5.)  Plaintiff's claim is not collateral because it is bound up with the merits so

26   closely that a decision by this court would constitute interference with agency process. Johnson,

27   2 F.3d at 922; see also Heckler v. Ringer, 466 U.S. 602, 614 (1984) (claim is "inextricably

28   intertwined" with claim for benefits).

1        2.      Irreparability

2        A plaintiff "must raise 'at least a colorable claim' that exhaustion will cause [him]

3   irreparable injury." Johnson, 2 F.3d at 922. The Ninth Circuit has held that "a 'colorable'

4   showing of irreparable injury is one that is not 'wholly insubstantial, immaterial, or frivolous.' "

5   Id. (citations omitted).

6        Plaintiff argues that he will suffer irreparable economic harm because he will be unable

7   to raise the onset date of his disability in a subsequent claim for benefits or through the

8   commencement of another action. The Court will assume for the purposes of this motion that the

9   denial of the ability to challenge the date of onset of disability is an irreparable injury due to the

10  loss of some amount of benefits.

11       3.      Futility

12       The Supreme Court has held that the decision to waive exhaustion should not be made

13  solely by mechanical application of the factors of collaterality and irreparable harm but should be

14  guided by the policies underlying the exhaustion requirement. Johnson, 2 F.3d at 922. The

15  exhaustion requirement allows the agency to compile a detailed factual record and apply agency

16  expertise to administering its own regulations, conserves judicial resources, and allows the

17  agency to correct its own error through administrative review. Id.

18       Here, waiving the exhaustion requirement would not serve the policies underlying

19  exhaustion. By filing an administrative appeal of an adverse decision the Appellate Counsel can

20  consider the underlying decision and correct any error. Administrative proceedings would not be

21  futile but would be necessary for the Commissioner to establish a detailed factual record and

22  permit the agency to apply its expertise. Bass v. Soc. Sec. Admin., 872 F.2d 832, 833 (9th Cir.

23  1989). Further, allowing a claimant to avoid the timely exhaustion of remedies requirement

24  would allow any claimant to "belatedly appeal his claim at any time and always obtain district

25  court review of an ALJ's decision." Burbage v. Schweiker, 559 F.Supp. 1371, 1373 (N.D. Cal.

26  1983).

27       The Court determines that waiver of section 405(g)'s exhaustion requirement is not

28  appropriate in this instance because Plaintiff's claims are not collateral to his claim for benefits

8

1  and because the purposes of exhaustion would not be served by waiver.

2                                          **IV.**

3                           **CONCLUSION AND ORDER**

4          Based on the foregoing, IT IS HEREBY ORDERED that Defendant's motion to dismiss

5  this action for lack of jurisdiction is GRANTED.  The Clerk of the Court is directed to CLOSE

6  this action.

7
   IT IS SO ORDERED.
8
9  Dated:   __**May 19, 2016**__

                                        UNITED STATES MAGISTRATE JUDGE